JS 44 (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sonja DeSimone

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** ~~Attorneys~~ *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

## DEFENDANTS

Bergey's, Inc. and
Bergey's Ford of Ambler

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U S Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U S Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq., 29 U.S.C. § 2601 et seq.

Brief description of cause: Plaintiff was discriminated against based on her sex, and retaliated against based on her complaints about discrimination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See Instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
03/12/2021

SIGNATURE OF ATTORNEY OF RECORD
*Caren [signature]*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SONJA DESIMONE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BERGEY'S, INC. and | : | NO. |
| BERGEY'S FORD OF AMBLER | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 03/12/2021 | _signature_ | Plaintiff, Sonja DeSimone |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ New Britain, PA 18901 _____

Address of Defendant: _____ 462 Harleysville Pike, Souderton, PA 18964 _____

Place of Accident, Incident or Transaction: _____ 462 Harleysville Pike, Souderton, PA 18964 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/12/2021 _____ *(signature)* _____ 205900

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 03/12/2021 _____ *(signature)* _____ 205900

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————— :
:
**SONJA DESIMONE** :
**New Britain, PA 18901** :
: **CIVIL ACTION NO.**
                                    **Plaintiff,** :
:
**v.** :
:
**BERGEY'S, INC.** :
**462 Harleysville Pike** :
**Souderton, PA 18964** :
:
**and** :
:
**BERGEY'S FORD OF AMBLER** :
**462 Harleysville Pike** :
**Souderton, PA 18964** :
:
: **JURY TRIAL DEMANDED**
:
:
                                    **Defendants.** :
—————————————————— :

## COMPLAINT

## I.    INTRODUCTION

Plaintiff, Sonja DeSimone, brings this action against her former employers, Bergey's, Inc. and Bergey's Ford of Ambler (together "Defendants"). Defendants' male employees engaged in degrading sexual and sexist conduct towards Plaintiff. When Plaintiff complained about the same, not only did Defendants fail to take appropriate remedial and/or corrective action, but they retaliated against Plaintiff.

Defendants engaged in sex discriminatory conduct, including sexual harassment, and then retaliated against Plaintiff based on her complaints of the same, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title

VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").  Defendants also discriminated and retaliated against Plaintiff in violation of the Family Medical Leave Act, as amended, 29 U.S.C. §2601, *et seq*. ("FMLA").

## II.   **PARTIES**

1.      Plaintiff, Sonja DeSimone, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff is female.

3.      Plaintiff was employed with Defendants for over one (1) year before she took medical leave pursuant to the FMLA.  She worked at least twelve hundred and fifty (1,250) hours of service during the twelve (12) month period prior to the start of her FMLA leave.

4.      Defendant, Bergey's, Inc., is incorporated in Pennsylvania, and has a principal place of business at 462 Harleysville Pike, Souderton, PA 18964.

5.      Defendant, Bergey's Ford of Ambler, is incorporated in Pennsylvania, and has a principal place of business at 462 Harleysville Pike, Souderton, PA 18964.

6.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

7.      At all times material hereto, Plaintiff worked out of Defendants' location at 700 North Bethlehem Pike, Ambler, PA 19002.

8.      At all times material hereto, Plaintiff was paid by and received her Form W-2 from Defendant Bergey's, Inc.

9.      At all times material hereto, Defendants employed more than fifteen (15) employees.

10.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

12.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

**III.   JURISDICTION AND VENUE**

13.     The causes of action which form the basis of this matter arise under Title VII, the FMLA, and the PHRA.

14.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

15.     The District Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

16.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

18.     On or about July 3, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of

Discrimination (with personal identifying information redacted).

19.     On or about December 15, 2020 the EEOC issued to Plaintiff a Notice of
Right to Sue for her Complaint of Discrimination.  Attached hereto, incorporated herein,
and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with
personal identifying information redacted).

20.     Plaintiff has fully complied with all administrative prerequisites for the
commencement of this action.

## IV.     FACTUAL ALLEGATIONS

21.     Plaintiff began working at Defendants in or around June 2017.

22.     At the time of Plaintiff's resignation, in May 2019, she held the position of
Sales Support.

23.     At the time of Plaintiff's resignation, in May 2019, she reported directly to
Christina Danks, Office Manager.  Danks reported to Scott Burkart (male), General Sales
Manager, who reported directly to Luke Bergey (male), General Manager.

24.     At all times material hereto, Plaintiff consistently demonstrated excellent
performance throughout her employment with Defendants.

25.     Throughout Plaintiff's employment, Defendant subjected her to sex
discriminatory conduct, including, but not limited to, the following:

(a) A male employee told Plaintiff that, when he "jerked off" at work
during the workday, he thought of her;

(b) A male employee told Plaintiff that he would like to "cum all over"
her glasses;

(c) A male employee put his arms around Plaintiff, pulled her towards

him, and, while he was squeezing her, said "mmm, those are firm", referring to Plaintiff's breasts.  Plaintiff immediately pushed him away and told him to never do that again;

(d)  When Plaintiff asked a male employee for keys to a part of the workspace, he dangled the keys in between his legs, right in front of his genital area, and told Plaintiff to "come and get them".  Plaintiff refused to do so, asked him to open the door, and walked away;

(e)  Male employee slapped Plaintiff's backside;

(f)  Male employees made comments about Plaintiff's backside, including, "Look at that booty" and "that booty got big";

(g)  Male employees told Plaintiff that they wanted to have sex with her;

(h)  Male employees told Plaintiff that they would like to "do things to" her, which Plaintiff understood to mean that they wanted to subject her to sexual acts;

(i)  Male employees commented on Plaintiff's looks, including repeatedly telling her that she was "beautiful";

(j)  When a male employee overheard Plaintiff saying that she was going out with her friends that night, he asked if she was going to expose her breasts, which she indicated by pretending to lift up his shirt and moving his chest around;

(k)  When Plaintiff brought cupcakes in to work for an employee's birthday, a male employee asked her, "what were you wearing when you made these?"

(l)  A male employee put his hand on Plaintiff's face and shoulder, pulled her towards him and asked her to lean towards him so that he could put his wet hair on her face;

(m) Male employees watched pornographic videos at work and commented

about the same, including the physical attractiveness of the women in the videos.

26.     In or around late February 2018, Plaintiff complained to Defendants about sex discriminatory conduct to which she was being subjected.

27.     Specifically, Plaintiff complained about the male employee who put his hand on Plaintiff's face and shoulder, pulled her towards him and said that he wanted to put his wet hair on her face.

28.     Defendants advised Plaintiff only that that male employee would be working out of a different location going forward.

29.     In or around late July 2018, Plaintiff complained to Defendants, again, that she was being discriminated against based on her sex.

30.     At that time, Plaintiff told Burkart and Julie Kelly, Office Manager, about the male employee who put his arms around her, pulled her towards him and, while he was squeezing her, said "mmm, those are firm", referring to Plaintiff's breasts and who responded to her request for his keys to open an office door, dangled them between his legs, right in front of his genital area and told Plaintiff to "come and get them".

31.     Defendants informed Plaintiff that it was conducting an investigation into her complaints of sex discrimination.  Debra Baker, Human Resources Director, interviewed Plaintiff in connection with Defendants' investigation.

32.     Burkart told Plaintiff that he reviewed surveillance video and confirmed her allegation that the male employee put his arms around her, pulled her towards him, and squeezed her.

33.     In or about early August 2018, Defendant told Plaintiff that the male employee about whom she complained would not be terminated, but, rather, would

remain employed.

34.     Plaintiff was told that, if she felt uncomfortable about that male employee's conduct, she should use a different desk that was located further from that employee's workspace.

35.     Plaintiff advised that her work would be negatively impacted by her moving her desk, as she sat in a place where she could answer the main phone and evaluate everything that was going on in the showroom to see if there was anything that she needed to handle or on which she needed to follow up.

36.     Plaintiff also expressed concerns that she would have to change her workspace if she moved her desk, given that workspace availability changed regularly depending on other employees' schedules.

37.     Defendants did not respond to Plaintiff's expressed concerns about moving her desk.

38.      Defendants did not inform Plaintiff of the results of its investigation or of remedial and/or corrective action that they took in connection with the same.

39.     To Plaintiff's knowledge, Defendants failed to take appropriate remedial and/or corrective action regarding Plaintiff's complaints, but, rather, retaliated against Plaintiff, including that which is set forth below.

40.     While remaining at her desk, Plaintiff continued to have to sit across from the male employee who had put his arms around her and pulled her towards him and dangled office keys that she needed in front of his genital area and told her to "come and get them".

41.     Male employees of Defendants continued to subject Plaintiff to sex

discriminatory comments and conduct.

42.     On or about December 19, 2018, Plaintiff went out of work on an approved medical leave of absence pursuant to the FMLA due to the emotional distress that she was suffering as a result of Defendants' discriminatory conduct.

43.     Plaintiff was out of work on her approved FMLA leave from on or about December 19, 2018 through on or about February 24, 2019.

44.     Plaintiff returned to work from her medical leave on or about February 25, 2019.

45.     Upon Plaintiff's return to work, Defendants treated her differently than they did prior to her medical leave.  By way of example only, Defendants spoke to Plaintiff in a manner that indicated that they thought that there was something wrong with her and that she was too fragile to be at work.

46.     Upon Plaintiff's return to work, Defendants removed from her responsibility many of her job duties.

47.     To Plaintiff's knowledge, Defendants assigned her job responsibilities to male employees and employees who did not complain of sex discrimination.

48.     As a result of Defendants taking away many of Plaintiff's job responsibilities, her work hours were reduced.

49.     As a result of the reduction of Plaintiff's work hours, her compensation was impacted negatively.

50.     When Plaintiff complained about Defendants' removal of her responsibilities, she was told that Defendants "moved on", that they had to get the job done and, as such, they assigned her responsibilities to other employees.

51.     On or about May 6, 2019, Plaintiff complained to Defendants about the discriminatory and retaliatory treatment to which she continued to be subjected, including the removal of her job responsibilities.

52.     On May 8, 2019, Plaintiff complained, again, to Baker of sex discrimination and retaliation, including that her job duties and responsibilities were taken away upon her return from FMLA leave and because she is female and had complained of sex discrimination.

53.     Plaintiff also indicated that continuing to come to work was very upsetting for her, given Defendants' discriminatory and retaliatory treatment, including the removal of her job responsibilities.

54.     Defendants discussed with Plaintiff that the job was not a good fit for her and that they would not contest her application for unemployment compensation.

55.     Plaintiff's last day with Defendants was on or about May 8, 2019.

56.     Aside from Defendants' sex discriminatory conduct towards Plaintiff, their bias against women is evidenced by, among other things, their demographics.  By way of example only, at Plaintiff's work location, females were underrepresented in higher-level positions.

57.     Plaintiff's sex was and is a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including subjecting her to a hostile work environment.

58.     Plaintiff's complaints about, and expressed opposition to, Defendants' sex discriminatory, including sexually harassing, conduct was and is a motivating and/or

determinative factor in Defendants' retaliatory treatment of Plaintiff, including removing her job responsibilities and subjecting her to a hostile work environment.

59.    Defendants failed to prevent or address the sex discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of sex discriminatory and retaliatory conduct.

60.    The retaliatory action taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

61.    Defendants failed to return Plaintiff to an equivalent position upon her return from FMLA leave.

62.    Plaintiff's FMLA leave was a motivating and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff.

63.    As a direct and proximate result of the sex discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

64.    Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I - Title VII

65.    Plaintiff incorporates herein by reference paragraphs 1 through 64 above, as if set forth herein in their entirety.

66.    By committing the foregoing acts of discrimination and retaliation against

Plaintiff, Defendants have violated Title VII.

67.    Said violations were done with malice and/or reckless indifference.

68.    As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

69.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

70.    No previous application has been made for the relief requested herein.

## COUNT II – FMLA

71.    Plaintiff incorporates herein by reference paragraphs 1 through 70 above, as if set forth herein in their entirety.

72.    By committing the foregoing acts against Plaintiff, Defendants have violated the FMLA by interfering with Plaintiff's rights.

73.    By committing the foregoing acts against Plaintiff, Defendants have retaliated against Plaintiff and violated the FMLA.

74.    As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered losses set forth herein and has incurred attorneys' fees and costs.

75.    Plaintiff is now suffering and will continue to suffer irreparable injury, and to incur attorneys' fees and costs, as a result of Defendants' violations of the FMLA unless and until the Court grants the relief requested herein.

76.    No previous application has been made for the relief requested herein.

## COUNT III - PHRA

77.     Plaintiff incorporates herein by reference paragraphs 1 through 76 above, as if set forth herein in their entirety.

78.     Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PHRA.

79.     Said violations were intentional and willful.

80.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

81.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

82.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding punitive damages to Plaintiff under Title VII;

(i)     awarding liquidated damages to Plaintiff under the FMLA;

(j)     awarding Plaintiff such other damages as are appropriate under Title VII, the FMLA, and the PHRA;

(k)     awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(l)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated:  March 12, 2021                    BY:  _____
                                               Caren N. Gurmankin (205900)
                                               1525 Locust Street, 9th Floor
                                               Philadelphia, PA 19102
                                               (215) 545-7676

                                               Attorney for Plaintiff,
                                               Sonja DeSimone

# Exhibit "1"

## COMMONWEALTH OF PENNSYLVANIA

### GOVERNOR'S OFFICE

### PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | |
|---|---|
| | : |
| Sonja DeSimone, | : |
| Complainant | : |
| | : |
| | : |
| v. | : PHRC Case No. 201904484 |
| | : |
| Bergey's Ford of Ambler; Bergey's Auto | : EEOC No. 17F202061496 |
| Dealerships; Bergey's, Inc., | |
| Respondent | : |
| | : |

## **COMPLAINT**

## **JURISDICTION**

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

## **PARTIES**

2. The Complainant herein is:

   Sonja DeSimone

   New Britain, PA 18901

3. The Respondent herein is:

   Bergey's Ford of Ambler
   700 North Bethlehem Pike
   Ambler, PA 19002

   Bergey's Auto Dealerships
   700 North Bethlehem Pike
   Ambler, PA 19002

   Bergey's, Inc.
   700 North Bethlehem Pike
   Ambler, PA 19002

Received

JUL 3   2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

|  |  |
|---|---|
| COMPLAINANT: | |
| **SONJA DESIMONE** | Docket No. 2019 04484 |
| v. | |
| RESPONDENTS: | |
| **BERGEY'S FORD OF AMBLER** | |
| and | |
| **BERGEY'S AUTO DEALERSHIPS** | |
| and | |
| **BERGEY'S, INC.** | |

1. The Complainant herein is:

    Name:            Sonja DeSimone

    Address:         ████████████
                     New Britain, PA 18901

2. The Respondents herein are:

    Names:           Bergey's Ford of Ambler; Bergey's Auto Dealerships;
                     Bergey's, Inc. (collectively, "Respondent Company")

    Address:         700 North Bethlehem Pike
                     Ambler, PA 19002

3.  I, Sonja DeSimone, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and unlawful retaliation because of my complaints of sex discrimination, as set forth below.

**Discrimination and Retaliation**

A. I specifically allege:

[1]        I was hired by Respondent Company on or about June 5, 2017.

[2]        I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]        I last held the position of Sales Support.

[4]        I last reported to Christina Danks (female), Office Manager.  Danks reported to Scott Burkart (male), General Sales Manager.  Burkart reported to Luke Bergey (male), General Manager.

[5]        Shortly after I was hired, male employees, including supervisors and coworkers, at Respondent Company routinely made comments to me of a sexual nature and engaged in conduct toward me of a sexual nature.

[6]        I found the male employees' comments and conduct to be offensive, based on my sex, and contributing to the hostile work environment to which I was subjected.

[7]        Male employees repeatedly made comments to me about my body, my physical appearance, and my clothes.  I never heard male employees commenting on male employees' bodies, physical appearance, or clothes.

[8]        Male employees hugged me and slapped my buttocks.

[9]        Male employees commented on my buttocks, and stated "look at that booty" and "that booty got big."

[10]     Male employees repeatedly told me I was beautiful.

[11]     Male employees repeatedly told me that they "would like to do things to" me.

[12]     Male employees told me that they wanted to have sex with me.

[13]     Male employees repeatedly discussed their sex lives in front of me.

[14]     Male employees watched videos at work of scantily-clad women dancing.

[15]     A male employee told me that he went upstairs and "jerked off" and thought of me.

[16]     A male employee told me that he would like to "cum all over [my] glasses."

[17]     Sal _____ (male), Driver, pulled my shoulder toward him and instructed me to let him put his "wet hair on [my] face." I refused, and immediately complained to Burkart.

[18]     When Joseph Davis (male), Sales Representative, heard that my friends and I were going out at night, he asked if I was "going to . . . ," and then pretended to lift up his shirt and moved his chest around, suggesting that I was going to expose my breasts.

[19]     When I asked Davis, who was sitting at his desk, for the key to open the front door of the Sales showroom, he dangled the keys in between his legs, in front of his crotch. He told me to "come and get them." I refused, asked him to open the door, and walked away from him.

[20]     When I brought in cupcakes for an employee's birthday, Davis, in front of other employees, asked me twice, "what were you wearing when you made these?"

[21]     Davis approached me, put his arms around me, and pulled me toward him. While he was squeezing me, he stated, "mmm, those are firm," referring to my breasts. **I** immediately pushed him away, and told him to never do that again.

[22]     When male employees engaged in comments and conduct of a sexual nature, I objected; I rejected their advances.

[23]     Male employees did not stop their comments and conduct of a sexual nature, despite my objections and rejections.

[24]     In or about late July 2018, in a meeting with Burkart and Julie Kelly (female), then Office Manager, I complained of sex discrimination. I complained of the conduct and comments of a sexual nature to which I was subjected by male employees at Respondent Company. Burkart reviewed video surveillance and saw Davis put his arms around me, pull me toward him, and squeeze me.

[25]     I was interviewed by Debra Baker (female), Human Resources Director, in connection with Respondent Company's investigation.

[26]     In or about early August 2018, in a meeting with Baker and Burkart, I was told that Davis would remain employed with Respondent Company. I was told that, if I felt uncomfortable, I should use a different desk.

[27]     Respondent Entity failed to inform me of the results of the investigation.

[28]     All male employees of whom I complained remained employed with Respondent Company following the investigation.

[29]     Davis' desk remained next to my desk for approximately five (5) to six (6) months following the investigation.

[30]     Respondent Company failed to remedy or prevent the sex discrimination to which I was subjected.

[31]     After I complained of sex discrimination, I was treated in a demeaning and dismissive manner, and differently and worse than before I had complained of sex discrimination.

[32]     I was ignored and excluded following my complaints of sex discrimination.

[33]     On or about December 19, 2018, I went out of work on a medical leave of absence, due to the emotional distress I experienced from the sex-based hostile work environment to which I was subjected.

[34]     From December 19, 2018 to February 25, 2019, I was out of work on a medical leave of absence.

[35]     On February 25, 2018, I returned to work from my medical leave of absence.

[36]     When I returned from my medical leave of absence, Respondent Company took away the majority of my job duties and responsibilities from me.

[37]     Respondent Company assigned the majority of my job duties and responsibilities to the following employees: Michael Rutledge (male), Vehicle Sales Assistant; Tymere Davis (male), Lot Attendant; Marsha Karackai (female), Vehicle Sales and Administrative Assistant; and Jill Nelson (female), Receptionist.

[38]     I was more qualified to perform my job duties than the noncomplaining and/or male employees to whom Respondent Company assigned my job duties.

[39]     My hours were reduced since I had fewer job duties and responsibilities to perform.

[40]     No male and/or noncomplaining employees had their job duties and responsibilities taken away.

[41]     Respondent Company continued to take away portions of my job duties and responsibilities and assign them to male and/or noncomplaining employees.

[42]     Respondent Company took away my job duties and responsibilities because of my sex and/or my complaints of sex discrimination.

[43]     On May 6, 2019, I resigned from Respondent Company.

[44]     I resigned from my employment at Respondent Company because of the sex discrimination and retaliation to which I was subjected and Respondent Company's failure to take appropriate remedial action.

[45]     Respondent Company subjected me to a hostile work environment because of my sex and/or my complaints of sex discrimination.

[46]     Respondent Company failed to remedy or prevent the sex discrimination and retaliation at Respondent Company.

[47]     On May 8, 2019, in a phone call with Baker, I complained of sex discrimination and retaliation. I complained that I was treated differently and worse, and that my job duties and responsibilities were taken away, because I am female and had complained of sex discrimination. I complained that I was sexually harassed at Respondent Company. I complained that I resigned from Respondent Company because of the sex discrimination and retaliation to which I was subjected.

[48]      Respondent Company's sex discriminatory and retaliatory conduct and comments have caused me emotional distress.

[49]      Respondent Company's sex discriminatory and retaliatory conduct and comments constitute a continuing violation going back to my date of hire.

[50]      Respondent Company has an underrepresentation of female employees, particularly female employees in high-level positions. The demographics of Respondent Company demonstrate sex discriminatory bias. Out of the seventeen (17) members of Respondent Company's "Ford Team," fourteen (14) are male and three (3) are female. Out of the twenty-two (22) members of Respondent Company's "Bergey's Team," eighteen (18) are male and four (4) are female. Out of the twenty-five (25) members of Respondent Company's "Dealership Contacts," twenty (20) are male and five (5) are female. Out of the sixteen (16) members of Respondent Company's "Staff," fourteen (14) are male and two (2) are female.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and retaliated against me because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

  **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

_____      Section 5.1 Subsection(s) _____

_____      Section 5.2 Subsection(s) _____

_____   Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

   **X**      **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.      The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

   complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

7/3/19
(Date Signed)

(Signature)   Sonja DeSimone

New Britain, PA 18901

Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Sonja DeSimone** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | ▌ | | **801 Market Street** |
| | **New Britain, PA 18901** | | **Suite 1000** |
| | | | **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-61496** | **Kurt Jung** **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                                    **12/15/2020**

Enclosures(s)

**Jamie R. Williamson**
**District Director**

*(Date Issued)*

cc:  **BERGEY'S FORD OF AMBLER; BERGEY'S AUTO DEALERSHIPS; BERGEY'S**

| | |
|---|---|
| **Caren Gurmankin, Esq.** | **John Buckley, Esq.** |
| **Console Mattiacci Law** | **Hoffman Hlavac & Easterly** |
| **1525 Locust Street, 9th Floor** | **1605 Cedar Crest Boulevard, Suite 517** |
| **Philadelphia, PA 19102** | **Allentown, PA 18104** |
| gurmankin@consolelaw.com | jbuckley@hhe-law.com |
| buccieri@consolelaw.com | |